**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-1507**

———————

MARK K. HOBRATSCHK,

                              Plaintiff - Appellant,

        versus

FREDERICK T. SPAHR, an Individual; AMERICAN
SPEECH-LANGUAGE  HEARING  ASSOCIATION,  a
National Trade Association;

                              Defendants - Appellees,

ARLENE PIETRANTON,

                              Counter Claimant - Appellee.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Benson Everett Legg, Chief District Judge.
(CA-03-47-BEL)

———————

Submitted:  November 17, 2005      Decided:  November 22, 2005

———————

Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.

———————

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

———————

Mark K. Hobratschk, Appellant Pro Se. Diane L. Prucino, Susan
Wallis Pangborn, KILPATRICK STOCKTON, LLP, Atlanta, Georgia;

Neil I. Levy, KILPATRICK STOCKTON, LLP, Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mark Hobratschk appeals from the district court's order, which <u>inter alia</u> granted summary judgment on Defendants' counterclaim for trademark infringement of their federal trademarks "American Speech-Language Hearing Association" and "ASHA." Hobratschk also appeals from the district court's award of attorney's fees to Defendants. The amount of the award is still pending in district court. We affirm the grant of summary judgment and dismiss the appeal from the fee award as interlocutory.

The district court found that Hobratschk did not oppose Defendants' motion for summary judgment on the infringement claims described above. In support of his assertion that he previously argued that the marks were generic and, thus, not entitled to trademark protection, Hobratschk cites to a portion of his brief in opposition to Defendants' motion for summary judgment. However, a review of the page referenced shows that the word "generic" is never used and that the argument does not even concern either of the trademarks at issue in this appeal. Rather, on the page in question, Hobratschk proffers argument that he did not infringe on ASHA's logo trademark. Thus, the district court did not err in finding the claim unopposed. Because Hobratschk fails to offer any exceptional circumstances requiring review of a claim not raised below, we find that the claim was waived. <u>See</u> <u>Brickwood</u>

Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004); Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993).

Hobratschk also challenges the district court's award of attorney's fees. However, the amount of the fee award has not yet been determined. A judgment awarding an unspecified amount of attorney's fees is interlocutory in nature. Polonski v. Trump Taj Mahal, 137 F.3d 139, 144 (3d Cir. 1998); Deloach v. Delchamps, Inc., 897 F.2d 816, 826 (5th Cir. 1990). Thus, we dismiss the appeal of this portion of the district court's order for lack of jurisdiction.

Based on the foregoing, we affirm the district court's grant of summary judgment on Defendants' counterclaim and dismiss the appeal from the award of attorney's fees. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART